FILED

**April 14, 2022**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 21-0162, *State of West Virginia v. Shaun Richard Duke*

ARMSTEAD, Justice, dissenting:

Shaun Richard Duke is a convicted drug dealer who, in concert with Erica Westfall, delivered controlled substances to Teddy Nutter, resulting in Mr. Nutter's death. I dissent from the majority opinion in this matter because I believe that the Legislature intended the sentences of delivery of a controlled substance and delivery of a controlled substance causing death to aggregate as they constitute separate and distinct crimes. Because of that Legislative intent, double jeopardy principles were not implicated.

The majority opinion holds in Syllabus Point 5:

> "In ascertaining legislative intent, a court should look initially at the language of the involved statutes and, if necessary, the legislative history to determine if the legislature has made a clear expression of its intention to aggregate sentences for related crimes. If no such clear legislative intent can be discerned, then the court should analyze the statutes under the test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), to determine whether each offense requires an element of proof the other does not. If there is an element of proof that is different, then the presumption is that the legislature intended to create separate offenses." Syl. Pt. 8, *State v. Gill*, 187 W. Va. 136, 416 S.E.2d 253 (1992).

Syllabus Point 5, *State v. Duke*, No. 21-0162, slip op. (W. Va. 2022). This is a correct statement of the law. However, this Court has held there are various ways to ascertain Legislative intent. "The primary rule of statutory construction is to ascertain and give effect to the intention of the Legislature." Syllabus Point 8, *Vest v. Cobb*, 138 W. Va. 660,

1

76 S.E.2d 885 (1953). From the same case, this Court held, "[t]he Legislature, when it enacts legislation, is presumed to know of its prior enactments." Syllabus Point 12, *Vest*.

> The provisions of 60A-4-401 applicable to this case state:
>
> (a) Except as authorized by this act, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.
>
> Any person who violates this subsection with respect to:
>
> (i) A controlled substance classified in Schedule I or II, which is a narcotic drug, is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than fifteen years, or fined not more than twenty-five thousand dollars, or both;
>
> (ii) Any other controlled substance classified in Schedule I, II or III is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than five years, or fined not more than fifteen thousand dollars, or both;
>
> (iii) A substance classified in Schedule IV is guilty of a felony and, upon conviction, may be imprisoned in the state correctional facility for not less than one year nor more than three years, or fined not more than ten thousand dollars, or both; . . . .

W. Va. Code § 60A-4-401 (2014). This statute was first enacted in 1971 and has been amended three times prior to the version applicable to the case at bar. *Compare* W. Va. Code § 60A-4-401 (1971) *with* W. Va. Code § 60A-4-401 (2005) *and* W. Va. Code 60A-4-401 (2014). Since the enactment making it a crime to deliver a controlled substance, a wholly separate crime of delivery of a controlled substance causing death was enacted by our Legislature in 2017:

2

(a) Any person who knowingly and willfully delivers a controlled substance or counterfeit controlled substance in violation of the provisions of section four hundred one, article four of this chapter for an illicit purpose and the use, ingestion or consumption of the controlled substance or counterfeit controlled substance alone or in combination with one or more other controlled substances, proximately causes the death of a person using, ingesting or consuming the controlled substance, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility for a determinate sentence of not less than three nor more than fifteen years.

W. Va. Code § 60A-4-416(a) (2020).

From our prior holdings, the Legislature is presumed to know of its prior enactments and this Court must give full effect to the Legislative intent. Indeed, this Court must presume that the Legislature fully knows the body of law that exists when it adopts a new law and the effect that new law has upon then-existing laws. Significantly, the Legislature did not simply add a new subsection to West Virginia Code § 60A-4-401 to address situations where the manufacture, delivery, or possession of a controlled substance results in death. If the Legislature intended the new language adopted in 2017 in West Virginia Code §60A-4-416(a) to be simply a variation of the crime set forth in Section 401 it could have added a new subsection to that section. Instead, it created a separate and distinct crime in Section 416(a).

This Court can, thus, discern that when the Legislature created the new and distinct crime of delivery of a controlled substance causing death, it intended sentences under that new and distinct charge to be aggregated with sentences for delivery of a

3

controlled substance. I believe, based upon principles of statutory construction outlined by this Court, the Legislature intended sentences for delivery of a controlled substance and delivery of a controlled substance causing death to aggregate. Thus, the double jeopardy clause is not implicated by Mr. Duke's multiple drug convictions.

Therefore, I respectfully dissent.